UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY PAUL BARNARD, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:23-cv-00257-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PETITION**

Petitioner, who is a federal pretrial detainee, seeks habeas relief in accordance with 28 U.S.C. § 2241.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a habeas petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").  Although Petitioner asserts his claim pursuant to § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions."  *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

A preliminary review of the petition, therefore, is appropriate.[1]  After review of the petition, I recommend the Court dismiss the petition.

---

[1] 28 U.S.C. § 2243 also supports a preliminary review.  Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or

## DISCUSSION

Petitioner is a federal pretrial detainee currently held in the Strafford Correctional Facility in New Hampshire on charges pending in the District of Maine. Under the general statute codifying the writ of habeas corpus, § 2241, relief extends to a petitioner who "is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner, in part, seeks relief related to the conditions of his confinement. For example, Petitioner requests different medical care than he is receiving and access to certain documents, including his legal materials. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. §2241(a)). "We have interpreted this language to require 'nothing more than the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. Because Petitioner is in custody in the District of New Hampshire, at least to the extent Petitioner challenges the conditions of his confinement, this Court does not have jurisdiction to consider Petitioner's request for habeas relief.

---

issue and order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (emphasis added).

Petitioner principally seeks relief related to the federal criminal charges currently pending against him.  For instance, Petitioner requests a bail hearing and the appointment of a specific lawyer to represent him on the criminal matter.  Because habeas review is an extraordinary remedy that is generally only available in the absence of any other remedy, "federal courts have routinely held that a federal pretrial detainee challenging aspects of his pending criminal charges must seek relief in the criminal action, not in a habeas proceeding."  *Reese v. Spaulding*, No. CV 18-11235-DJC, 2018 WL 3966319, at *1 (D. Mass. Aug. 9, 2018); *see also*, *Medina v. Choate*, 875 F.3d 1025, 1028-29 (10th Cir. 2022) (federal pretrial prisoners are "limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief"); *Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066 at *1 (11th Cir. Nov. 17, 2021) ("[i]t has long been the rule that 'in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial'") (quoting *Jones v. Perkins*, 245 U.S. 390, 391 (1918)); *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020) (pretrial detainee cannot challenge detention through a § 2241 petition); *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3rd Cir. 2018) ("federal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action").

In short, "regular federal criminal proceedings, not habeas corpus proceedings, are the proper place to resolve the sort of challenges that Petitioner raises in his petition." *Cassaday v. Mendham*, No. 1:22-cv-723, 2022 WL 3655057, * 1 (W.D. Mich. Aug. 25, 2022).  Dismissal, therefore, is warranted.

**CONCLUSION**

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition. I also recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of September, 2023.

4