UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY PAUL BARNARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:23-cv-00257-JAW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION FOR EXTENSION**

On June 23, 2023, Jeffrey Paul Barnard petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241.  *Pet. for a Writ of Habeas Corpus* (ECF No. 1).  Three days later, on June 26, 2023, the Court referred the pro se petition to the Magistrate Judge for review.

On September 13, 2023, the Magistrate Judge issued a report and recommended decision.  *Report and Recommended Decision* (ECF No. 10).  Because a Magistrate Judge reviewed Mr. Barnard's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Barnard has a right to de novo review by the district court if he files an objection to specified portions of the magistrate's report and recommended decision within fourteen days of being served.  *See id.* at 636(b)(1)(C).  On September 28, 2023, Mr. Barnard filed a timely objection.  *Obj. to Report and Recommended Decision* (ECF No. 11) (*Pl.'s Obj.*).  However, in Mr. Barnard's filing, he failed to raise any objection to specific portions of the Magistrate Judge's report and recommended decision.  *See Pl.'s Obj.* at 1-2.

Instead, Mr. Barnard "respectfully request[ed] a 90-day continuance to allow him to respond with proper supporting memorandum and caselaw supporting his position as to relief that has be[en] respectfully requested from this Court." *Id.* at 1. Continuing, Mr. Barnard clarified he does seek a "de-novo review on this case yet because of his current medical issue . . . it is impossible to produce a proper de novo response." *Id.* at 2. Mr. Barnard noted that the "Court is fully aware of [his] current medical condition" and that he is in "excruciating pain due to [a] fractured screw in his jaw." *Id.* He also noted he "is trying to work through the criminal process to obtain proper healthcare and has had minimal success." *Id.*

Mr. Barnard's "objection" is better characterized as a motion for extension given his wish to pursue de novo review and his request for additional time to do so. To determine the extension length, the Court takes judicial notice of another similar matter involving Mr. Barnard, in which he moved the Court to order the United States Marshal Service (USMS) to authorize jaw reconstructive surgery for him. *See United States v. Jeffrey Paul Barnard*, 1:23-cr-00035-JAW (D. Me. Nov. 11, 2023), *Order on Motion to Compel* at 1 (ECF No. 65). In that matter, the Court dismissed Mr. Barnard's request as premature because the "USMS is in the process of reviewing a surgeon's recommendation that he undergo such surgery." *Id.* at 4. As the Court's order suggests, the USMS is likely to resolve its position on whether to fund Mr. Barnard's jaw surgery in the next twenty-eight (28) days and therefore an extension of the full ninety days requested in mid-September seems unnecessary.

Having considered these factors, the Court concludes that Mr. Barnard has demonstrated "good cause" for the extension, *see* FED. R. CIV. P. 6(b)(1)(A), and the Court GRANTS in part and DISMISSES in part Mr. Barnard's motion for extension. The Court extends the time for filing an objection to specific portions of the Magistrate Judge's report and recommended decision to within twenty-eight (28) days from the date of this order and dismisses Mr. Barnard's motion insofar as it seeks even more time. Should Mr. Barnard require a further extension, he is free to seek it for good cause.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2023