UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY PAUL BARNARD, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:23-cv-00257-JAW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**ORDER ON MOTION TO SHOW CAUSE FOR 120-DAY EXTENSION OF TIME, MOTION FOR RECUSAL, AND MOTION TO CHANGE VENUE**

On June 23, 2023, Jeffrey Paul Barnard petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241. *Pet. for a Writ of Habeas Corpus* (ECF No. No. 1) (*Pl.'s Pet.*). In his petition, Mr. Barnard sought relief related to his pending federal criminal charge and the conditions of his confinement, specifically a demand for surgical treatment of his jaw injury. *Id.* Three days later, the Court referred the pro se petition to the Magistrate Judge for review and recommended decision. On September 13, 2023, the Magistrate Judge issued a report and recommended decision. *Report and Recommended Decision* (ECF No. 10). The Court concluded that he was required to present his complaints about his criminal case in that case's proceedings, not by habeas petition, and that he was required to present the conditions of confinement complaint to the district court in the district where he is currently confined, namely the District of New Hampshire. *Id.* For these reasons, the Magistrate Judge recommended that this Court dismiss his habeas corpus petition and deny a certificate of appealability. *Id.* at 4.

Because a Magistrate Judge reviewed Mr. Barnard's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Barnard had a right to de novo review by the district court if he filed an objection to specified portions of the magistrate judge's report and recommended decision within fourteen days of being served. *See id.* § 636(b)(1)(C). On September 28, 2023, Mr. Barnard filed a timely objection. *Obj. to Report and Recommended Decision* (ECF No. 11) (*Pl.'s Obj.*). However, in his objection, Mr. Barnard failed to raise any objections to specific portions of the Magistrate Judge's report and recommended decision. *See id.* at 1-2.

Instead, Mr. Barnard "respectfully request[ed] a 90-day continuance to allow him to respond with proper supporting memorandum and caselaw supporting his position as to relief that has be[en] respectfully requested from this Court." *Id.* at 1. The Court characterized Mr. Barnard's objection as a motion for extension given his wish to pursue de novo review and his request for additional time to do so. As Mr. Barnard was waiting to hear whether the United States Marshal Service (USMS) would approve his jaw reconstruction surgery, the Court found that he had demonstrated good cause for an extension. *Order Granting Extension of Time* at 3 (ECF No.12) (*Order*). The Court granted Mr. Barnard an extra twenty-eight days from the date of the order to object to specific portions of the Magistrate Judge's report and recommended decision. *Id.* This extension gave Mr. Barnard until December 15, 2023, but he did not submit an objection before the deadline expired.

In another matter, *United States v. Barnard*, 1:23-cr-00035-JAW, Mr. Barnard represented on December 15, 2023 that the reconstructive facial surgery "has been

2

approved by the [USMS] and is in the process of being scheduled." *See id.*, *Unopposed Mot. to Continue Trial* at 1 (ECF No. 70). Furthermore, in his recently filed motion to extend time, Mr. Barnard represented that the upcoming operation had been scheduled at Tufts School of Dentistry during the month of January 2024. *Mot. to Extend Time* (ECF No. 13). The Court was not convinced, however, that Mr. Barnard needed an additional 180 days to file an objection to the Magistrate Judge's September 13, 2023 recommended decision and noted that the issues were straightforward. *Order* at 3-4.

The Court wrote:

> Mr. Barnard has now had since September 13, 2023 to obtain his own civil attorney and to file objections to the recommended decision. **The Court will not effectively stay his habeas corpus action for exceedingly long periods to allow Mr. Barnard to file objections. The Court will grant Mr. Barnard one final extension until the end of January, 2024, and if he has not filed his objection by January 31, 2024, the Court will affirm the recommended decision and dismiss his pending habeas corpus motion without prejudice** and Mr. Barnard can then decide at his leisure whether to reinitiate his motion. In his response, the Court order[ed] Mr. Barnard to inform the Court why his habeas motion should not be dismissed as moot now that he will soon be undergoing the requested surgery.

*Id.* at 4 (emphasis supplied).

On January 31, 2024, Mr. Barnard filed a document entitled, Motion to Show Cause for 120-Day Extension of Time. *Mot. to Show Cause for 120-Day Extension of Time* (ECF No. 19) (*Pl.'s Mot.*). Mr. Barnard first asserts that he is in such excruciating pain that he cannot file a memorandum of law to object to the Magistrate Judge's recommended decision. *Id.* at 1. Mr. Barnard then discusses a separate civil action that he settled. *Id.* Mr. Barnard asserts that he believes "this Court and Judge

3

John A. Woodcock, Jr. are being extremely prejudice and bias to his case and his current medical condition that clearly demonstrates the severity of petitioner's medical issues and condition and length of time he has suffered with this issue." *Id.* at 2. Mr. Barnard requests that this Judge, "Magistrate Nivison, and Judge Walker recuse themsel[ves] from these on[]going cases," and that the Court transfer the case to the United States District court in New Hampshire under 28 U.S.C. § 1631. *Id.* Mr. Barnard then writes about issues related to his pending criminal case. *Id.* at 3-6.

The Court is denying Mr. Barnard's motion for extension and dismissing his civil action without prejudice. The Magistrate Judge's conclusion that Mr. Barnard's conditions of confinement case must be filed in the District where he is confined is blackletter law, and no amount of legal research by Mr. Barnard will alter that principle. As the Magistrate Judge pointed out, this rule is founded on federal statute and the United States Supreme Court has stated and reinforced this legal tenet. *See Recommended Decision* at 2 (citing 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)). The District of New Hampshire, not this District, has jurisdiction over Mr. Barnard's conditions of confinement case.

The Court declines to transfer this case to the District of New Hampshire under 28 U.S.C. § 1631. The transfer statute requires that this Court find that the transfer would be "in the interest of justice." *Id.* Mr. Barnard does not suggest why it would be in the interest of justice for this Court to transfer his conditions of

4

confinement case to New Hampshire, when he can reinitiate the case there—at a date of his own choosing. If Mr. Barnard wishes to proceed with his conditions of confinement case, this dismissal does not prevent him from doing so. The dismissal only prevents him from litigating his conditions of confinement claim in this Court, where there is no jurisdiction. Furthermore, if Mr. Barnard elected to file a new case in the District of New Hampshire, it would render moot his demand that the judges of this Court recuse themselves on this case.

The Court reaches a similar conclusion regarding Mr. Barnard's demands for relief in his criminal case now pending in the District of Maine. In his petition, Mr. Barnard complains about "pre-trial detention," "ineffective counsel," "No Discovery given to date," and he demands that "all charges be dropped." *Pl.'s Pet.* at 3, 7. As the Magistrate Judge has pointed out, Mr. Barnard may not challenge his pending criminal charges by filing a separate civil action. The place to litigate issues regarding his criminal case is his criminal case, not a companion habeas action.

In short, there is no basis to allow this civil action to persist in this Court and granting Mr. Barnard another lengthy extension would only delay the inevitable dismissal.

Finally, the Court denies Mr. Barnard's motion to recuse this Judge. On June 27, 2023, Magistrate Judge Nivison issued an order discussing Mr. Barnard's demand that he recuse himself from Mr. Barnard's cases. *Order on Req. for Recusal* (ECF No. 4). The Court adopts in full the Magistrate Judge's reasoning as equally applicable to Mr. Barnard's motion to recuse this Judge and concludes that it would be

5

inappropriate for this Judge to recuse himself from Mr. Barnard's cases, including this habeas petition. Mr. Barnard has not presented any facts that would demonstrate that this Judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Instead, it appears that the basis for the motion for recusal is solely that he is disenchanted with some of the Court's rulings, which alone is not a proper basis for recusal. *See In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) ("The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal"). Mr. Barnard's motion lacks any facts that would even suggest this Judge's impartiality might be reasonably questioned and instead appears to be strategic. The First Circuit has cautioned that there is "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *F.D.I.C. v. Sweeney*, 136 F.3d 216, 220 (1st Cir. 1998).

The Court performed a de novo review of the Magistrate Judge's recommended decision, DENIES Jeffrey Paul Barnard's Motion to Show Cause for 120-Day Extension of Time (ECF No. 19), including his requests for extension of time, for recusal and for transfer, and DISMISSES without prejudice Jeffrey Paul Barnard's Petition for Writ of Habeas Corpus (ECF No. 1). The Court also DENIES any certificate of appealability in this case because Jeffrey Paul Barnard has made no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

                                                <u>/s/ John A. Woodcock, Jr.</u>
                                                JOHN A. WOODCOCK, JR.
                                                UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2024.